IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON WEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3034 |
| | ) | |
| ILLINOIS STATE POLICE, | ) | |
| MACOUPIN COUNTY POLICE, | ) | |
| MACOUPIN COUNTY JAIL, and | ) | |
| STAUNTON POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Macoupin County Police and Macoupin County Jail's Motion to Dismiss (d/e 16) (Macoupin Motion), Defendant Staunton Police Department's Motion to Dismiss (d/e 18) (Staunton Motion), and Defendant Illinois State Police's Motion to Dismiss (d/e 24) (ISP Motion). With the exception of the names of the parties, the Macoupin and Staunton Motions are identical.[1] Accordingly,

---

[1] The Court notes that Plaintiff Wemple responded to both Motions in a single Response. See Memorandum of Law in Opposition to Motion to Dismiss (d/e 23).

1

the Court considers them together. Defendants contend that Plaintiff Aaron Wemple's Complaint (d/e 2) fails to state a claim upon which relief can be granted. For the reasons stated below, the Defendants' Motions to Dismiss are ALLOWED.

## BACKGROUND

On the Defendants' Motions, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw inferences in the light most favorable to the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The facts as set forth in Plaintiff Wemple's Complaint are as follows.

Wemple alleges that he was brutalized during an arrest on February 10, 2004, in Macoupin County, Illinois. Complaint, pg. 7. He alleges that he suffered physical injuries while he was handcuffed, including "several facial cuts, a bulging disc, and two torn cartilages in the spine." Id. at 4. Further, Wemple alleges that the Defendants failed to provide medical care for his injuries for several weeks following the incident. Id. The Court also notes that Wemple's Complaint was set forth on a form complaint, available from the Clerk of the Court. He checked the "Other" box when describing

the legal basis of his claim, leaving the box for a suit pursuant to 42 U.S.C. § 1983 unchecked.  Id. at 1.

## ANALYSIS

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts under which relief may be granted.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Fed. R. Civ. P. 12(b).  The plaintiff is required only to provide a short and plain statement of his claim "'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a); see also Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992) ("A complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'" (quoting Rodgers v. Lincoln Towing Serv., Inc., 771 F.2d 194, 198 (7th Cir. 1985)).

I.   MACOUPIN AND STAUNTON MOTIONS

   A.   42 U.S.C. § 1983 and Wemple's Complaint

Even when viewing the pro se Complaint liberally under 42 U.S.C. § 1983, the Court finds that it does not state a claim.  Lehn v. Holmes, 364

F.3d 862, 872 (7th Cir. 2004) (holding pro se plaintiff stated a claim when complaint viewed liberally); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding that the allegations of pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers . . . .").

Plaintiff's Complaint fails to state a claim against Defendants because they are not proper parties. The individual officers who caused the harm are the proper Defendants; they are not named in this Complaint. The City of Staunton and/or the Sheriff of Macoupin County could be liable if the Plaintiff was harmed pursuant to a custom or practice of those parties; however, that has not been alleged.

The statute reads in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects . . . any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable. . . ." 42 U.S.C. § 1983. A plaintiff may establish municipal liability under 42 U.S.C. § 1983 by alleging his injury was caused by: (1) an express policy, (2) a widespread practice or custom, or (3) a person with final policymaking authority. Bennett v. Roberts, 295 F.3d 687, 699 (7th Cir. 2002); see McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995); Monell v. Dep't of Social Services of City

4

of New York, 436 U.S. 658, 694 (1978). A court may not hold a government entity liable under the theory of respondeat superior. Monell, 436 U.S. at 691. (". . . we conclude that a municipality cannot be held liable solely because it employs a tortfeasor . . . .") (emphasis in the original). However, a government entity can be held liable under 42 U.S.C. § 1983 if an official policy or custom was the proximate cause of the individual's constitutional violation of a citizen's rights. Sams v. City of Milwaukee, Wis., 117 F.3d 991, 994 (7th Cir. 1997).

In the present case, Plaintiff's Complaint does not name any particular officers as Defendants. Compl., ¶¶ 1, 2. Nor does it reference any custom or policy of the Sheriff of Macoupin County or City of Staunton that caused his injuries or caused Defendants to deprive him of medical care. Although Plaintiff alleges facts describing his own personal encounter with some officers, he does not allege that his injuries resulted because the officers followed a custom or policy of the Sheriff or of the City of Staunton. Likewise, there is no allegation that his injuries were caused at the direction of a person with final policymaking authority of the Sheriff or of the City of Staunton. Therefore, Plaintiff's Complaint does not state a valid claim pursuant to 42 U.S.C. § 1983 against the Macoupin County Jail, Macoupin

County Police, or the Staunton Police Department, and must be dismissed.

### B. Defendants' Legal Capacity to be Sued

Defendants Macoupin County Police, Macoupin County Jail, and Staunton Police Department cannot be sued because they do not exist as formal legal entities under Illinois law. Under Federal Rule of Civil Procedure 17(b), a defendant named in a lawsuit must have the legal capacity to be sued. Fed. R. Civ. P. 17(b). Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. Jackson v. Village of Rosemont, 180 Ill.App.3d 932, 937-38, 536 N.E.2d 720, 723 (1st Dist. 1988).

Illinois courts have not recognized a sheriff's office or a police department as a legal entity. Magnuson v. Cassarella, 812 F.Supp. 824, 827 (N.D. Ill. 1992); see West By and Through Norris v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. ILL. CONST. 1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates and the actions of his officers. 730 ILCS § 125/2; ILCS § 125/17. As an elected officer, a sheriff is not an employee.

County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. <u>Magnuson</u>, 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1. Therefore, Defendants Macoupin County Jail and Macoupin County Police must be dismissed with prejudice.

The Staunton Police Department is an organizational division of the City of Staunton and is not a suable entity. <u>See</u> <u>Meek v. Springfield Police Dep't</u>, 990 F.Supp. 598, 601 (C.D. Ill. 1998) (holding that the Springfield Police Department is not a suable entity because it is an organizational division of the City of Springfield); <u>Doe v. City of Chicago</u>, 883 F.Supp. 1126, 1133 (N.D. Ill. 1994) (holding that the Chicago Police Department is not a suable entity). Therefore, Plaintiff's claims against the Staunton Police Department are dismissed with prejudice because he cannot state a claim against it.

Because Federal Rule of Civil Procedure 17(b) requires the defendant in a federal lawsuit to be an established legal entity, these Defendants are not properly named. Therefore, because the Macoupin County Police, Macoupin County Jail, and Staunton Police Department are not separate

legal entities and cannot be sued under 42 U.S.C. § 1983, Plaintiff's Complaint against them must be dismissed with prejudice.

II.     ILLINOIS STATE POLICE MOTION

Eleventh Amendment sovereign immunity bars any suit against the State of Illinois and its agencies, including Defendant Illinois State Police. The Eleventh Amendment prohibits suits against states and their agencies in federal courts. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). Courts have interpreted the doctrine of sovereign immunity as prohibiting suits against a State in federal court brought by "its own citizens, as well as by citizens of another state." Nelson v. LaCrosse County Dist. Atty. (State of Wisconsin), 301 F.3d 820, 827 (7th Cir. 2002). See also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), quoting Employees of Dep't of Public Health and Welfare, Missouri v. Dep't of Public Health and Welfare, Missouri, 411 U.S. 279, 280 (1973).

When determining whether the suit is against the state, courts consider "if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" Pennhurst, 465 U.S. at 101 n.11, quoting Dugan v. Rank, 372

U.S. 609, 620 (1963) (citations omitted).

There are three exceptions to Eleventh Amendment state sovereign immunity to suit in federal court, which only apply if: "(1) 'Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so through a valid exercise of its power'; (2) a state 'has properly waived its immunity and consented to suit in federal court'; [or] (3) the plaintiff 'seek[s] prospective equitable relief for ongoing violations of federal law . . . under the Ex Parte Young doctrine.'" Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002) (internal quotations omitted). None of these exceptions is applicable in the present case.

Plaintiff's Complaint names an agency of the state, the Illinois State Police, as a Defendant. The State of Illinois has not consented to the suit, nor has Congress waived the State's sovereign immunity by using its enforcement powers under the Fourteenth Amendment. The Complaint does not see prospective equitable relief. Further, Plaintiff does not plead an on-going violation of federal law. Therefore, Plaintiff's Complaint against Defendant Illinois State Police is dismissed with prejudice.

## CONCLUSION

THEREFORE, for the aforementioned reasons, Defendants Macoupin

9

County Police and Macoupin County Jail's Motion to Dismiss (d/e 16) is ALLOWED, Defendant Staunton Police Department's Motion to Dismiss (d/e 18) is ALLOWED, and Defendant Illinois State Police's Motion to Dismiss (d/e 24) is ALLOWED.  Plaintiff Wemple's Complaint against Defendants Macoupin County Police, Macoupin County Jail, Staunton Police Department, and the Illinois State Police is dismissed with prejudice. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  August 8, 2005.

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE